79 U.S. 384
 20 L.Ed. 412
 12 Wall. 384
 NORTHERN RAILROAD
v.
THE PEOPLE.
 December Term, 1870
 
 Mr. J. Hubley Ashton moved to dismiss, for want of jurisdiction, a writ of error in this suit, one from the Supreme Court of New York; the case being this:The Revised Statutes of New York declare[1] that:
 'Whenever any incorporated company shall have remained insolvent for one whole year, or for one year shall have refused or neglected to redeem its notes or other evidences of debt, or shall for one year have suspended the ordinary business of such incorporation, such company shall be deemed and adjudged to have surrendered the rights, privileges, and franchises granted by any act of incorporation, and shall be adjudged to be dissolved.'
 The New York Code of Procedure (tit. xiii, chap. 11, § 430), authorizes the attorney-general, in the name of the people, to bring an action for the purpose of vacating the charter of a corporation, (1) whenever it shall have forfeited its franchises by non-user; (2) whenever it shall have done or omitted any act amounting to a surrender of such franchises.
 If, in any such action, it shall be adjudged that a corporation has, by neglect, abuse, or surrender, forfeited its franchises, judgment shall be rendered that it be excluded from such corporate franchises, and that it be dissolved.[2]
 If a defendant, a natural person, or corporation, shall be adjudged guilty of usurping any franchises, the court may adjudge that such defendant be excluded therefrom, and, in its discretion, fine such defendant.[3]
 And upon such judgment the court may restrain the corporation, and appoint a receiver.[4]
 With these statutory provisions in force an information was filed May 28th, 1867, in the Supreme Court of Lawrence County, New York, in the name of The People v. The Northern Railroad Company, one Lovering and others, stating in substance that the said company was a corporation under an act of the legislature of the State of New York, passed May 14th, 1845; that as early as 1854 it had become insolvent, and suspended its ordinary and lawful business; and that in October, 1854, it had surrendered its property by deed to trustees for its second mortgage bondholders, that the road was worked by these trustees till August, 1856; that in 1856 a sale under foreclosure of a second mortgage was made of the road, and that it was purchased by the second mortgage trustees in trust for the second mortgage bondholders; that the legislature of New York passed, in March, 1857, an act recognizing the previous dissolution of the Northern Railroad Company, and authorizing the second mortgage bondholders, who were in possession of the property by their trustees, under the deed of surrender of October, 1854, and under the sale in the foreclosure suit made in 1856, to form a new corporation 'in place of the Northern Railroad Company, dissolved;' and that by an amended act, passed in April, 1864, provision was made for the due incorporation of the second mortgage bondholders. The information then charged that the defendants, with other persons unknown, usurped and used, without lawful warrant or charter, the franchise of being the said Northern Railroad Company. It was then prayed that the court might decree that the Northern Railroad Company had remained insolvent for more than one whole year; that it had for more than one year neglected to pay its notes, and that it had surrendered its franchises and is dissolved; and that it be forever excluded from all corporate rights.
 The answer of the defendants, which one of the courts below characterized as 'stuffed with irrelative and redundant matter,' did not deny the preceding facts. It contained, however, this passage:
 'And the defendants further say that at the time of the passage of the above and foregoing act, the said Northern Railroad Company was a company, in law and in fact, an existing railroad company, never having been dissolved, and were and are the owners in fact of said corporate property, and had then and now have the legal title thereto; and that the legislature had no right or power to authorize the said second mortgage bondholders to form a corporation for and to take the property and effects of this defendant, the Northern Railroad Company, or of said other defendants, the stockholders of said company, without due process of law.'
 After the answer had been filed, the attorney-general moved the court for judgment on the complaint and answer at special term. The defendants resisted the motion, on the ground that they were issues of fact to be tried by a jury. The court, however, decided that all the material facts averred in the complaint were admitted by the answer; and that, as there were no issues of fact to be determined by the court or jury, judgment, as matter of local practice, could properly be rendered on the complaint and answer.
 The judgment of the court at special term was:
 'That the Northern Railroad Company has surrendered and forfeited the franchises granted by any acts of incorporation, and is hereby dissolved,' &c.
 Exception was taken to the decision, 'that prior to the passage of the act of March 31st, 1857, the said Northern Railroad Company had surrendered to the people of this State its franchise of being a corporation.'
 The decision of the court at general term affirmed the judgment of forfeiture, but did not found it in any way on the act of 1857.
 The Court of Appeals,[5] which affirmed this judgment of dissolution and forfeiture, held that the court, at special term, had a right to render judgment on the complaint and answer, as there were no issues of fact to be tried; that the admitted facts showed that the company had forfeited its charter; that no sufficient excuse therefor was alleged in the answer; and that the individual defendants, having acted with knowledge of the previous forfeiture, were liable to be fined under the New York code.
 To remove this judgment of the Court of Appeals to this court a writ of error was taken in June, 1870. Such writs are authorized in certain cases by the 25th section of the Judiciary Act of 1789, already quoted in the preceding case.
 
 Messrs. W. M. Evarts and J. Hubley Ashton, in support of the motion:
 
 The court adjudged that prior to 1857 the company had, on the admitted facts, done and omitted acts amounting in law to a surrender and forfeiture of its franchises to the State, and that by the act of March 31, 1857, the State had accepted his previous surrender of its charter. No question touching the constitutionality of the act of 1857 was, therefore, decided by the court at special term. Nothing whatever was determined about that act, except incidentally that it was in effect an acceptance by the people of a previous surrender of its charter by the company, in virtue and by operation of the general law of the State.
 This appears:
 1. By the terms of the judgment.
 2. By the character of the exception.
 The judgment was affirmed at general term and in the Court of Appeals. We have the opinion of this latter court in the official State reports. But it is not based on the constitutionality of the act of 1857. That act did not purport to dissolve the company, nor did any of the courts treat it as so doing. The company had by its own doings, and previous to the passage of that act, worked a surrender of its charter. It had done so under other and general laws. The fact that the act is inserted in the answer, along with other 'irrelative and redundant' matter, don't help the case, in this court, of the plaintiff in error.
 
 Mr. C. Cushing, contra:
 
 The point was distinctly presented to the State court, in the pleadings on which of course the judgment is given, that the legislature 'had no right or power' to pass the act of March 31, 1857. The point thus appeared 'on the face of the record.' The effect of the objection was to raise the question that the act was in violation of the clause of the Constitution which prohibits a State from passing any 'law impairing the obligation of contracts.' We do not assert that the question was decided by the State court in ipsissimis verbis, but we submit it was necessarily decided in order to induce the judgment rendered.
 Mr. Justice MILLER delivered the opinion of the court.
 
 
 1
 The principles announced in the preceding case of Knox v. Exchange Bank govern the present one.
 
 
 2
 We are unable to see that the judgment of the State court, declaring the dissolution of the Northern Railroad Company, rested in any manner on the act of the New York legislature of March, 1857. It is true that that company, the plaintiff in error in the case, both in the pleading which it filed and in argument, here assails that statute as taking property without due process of law, and impairing the obligation of contracts; but, as the defendant in error claims nothing under that statute, and as the validity or invalidity of that statute is in no way involved in the judgment of dissolution rendered by the State court, there is no question here of which this court has jurisdiction.
 
 
 3
 WRIT DISMISSED.
 
 
 
 [1]
 Banks & Brother's ed., vol. 2, p. 600.
 
 
 [2]
 Ib., sec. 442.
 
 
 [3]
 Ib., sec. 441.
 
 
 [4]
 Ib., sec. 444.
 
 
 [5]
 The People v. Northern Railroad Company, 42 New York, 227.